UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY WELCH,

    Plaintiff,

v.                                          Case No. 3:17cv711/MCR/CJK

CLASSIFICATION OFFICER MARSH,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Johnny Welch, DC#G05492, is a Florida inmate presently confined at Holmes Correctional Institution. (Doc. 1). Plaintiff initiated this case on September 19, 2017, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims he was deprived of due process at a prison disciplinary hearing, and alleges these facts in support:

> On 9-19-17, I was brought to a disciplinary hearing conducted by classification officer Marsh. I presented evidence showing that I was never wrote a "D.R.", and that the "D.R.", in which I was at the hearing for inmate Day was already found guilty of. Also, I was held in confinement beyond time frame of Florida Administrati[ve] Code, and all my evidence was not attached and loss of gain time.

(Doc. 1, p. 2). As relief, plaintiff seeks $10,000.00 in damages. (*Id.*).

Because plaintiff's complaint was not on the court form and was not accompanied by the filing fee or a motion to proceed *in forma pauperis*, the court ordered plaintiff to re-file his complaint on the court form and to pay the filing fee or submit an application to proceed *in forma pauperis*. (Doc. 2). Plaintiff now moves to proceed *in forma pauperis* (doc. 3), and also moves for an extension of time to file his amended complaint on the grounds that he "ha[s] been having problems with: getting legal material, legal work from property, legal copies and forms" (doc. 4). In addition, plaintiff moves for an emergency injunction to preserve "audio & video" evidence showing that on October 23, 2017, Sergeant Hewett, the officer who investigated and served the D.R., admitted to plaintiff that: (1) "the D.R. he, Sgt. Hewett, served me, some other inmate had indeed been served by him, and found guilty at a hearing." and (2) "A D.R. hearing for me was indeed postponed do [sic] to another inmate being served and found guilty of the same D.R." (Doc. 5, p. 1).

Upon review of plaintiff's pleadings and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of the following four federal civil actions previously filed by plaintiff, while incarcerated, that were dismissed as frivolous,

malicious or for failure to state a claim on which relief may be granted.  *See Welch v. Walton Correctional Institution*, No. 3:13cv430-LC-CJK (N.D. Fla. Dec. 9, 2013) (dismissing plaintiff's prisoner civil rights action as malicious for plaintiff's abuse of the judicial process in failing to truthfully respond to questions on the complaint form concerning his litigation history); *Welch v. Whistler*, No. 1:14cv111-MP-GRJ (N.D. Fla. Dec. 12, 2014) (dismissing plaintiff's prisoner civil rights action as frivolous); *Welch v. Carter*, No. 5:17cv42-MCR-GRJ (N.D. Fla. Mar. 17, 2017) (dismissing plaintiff's prisoner civil rights action as malicious); *Welch v. Officer Carter*, No. 5:17cv73-MCR-GRJ (N.D. Fla. Apr. 4, 2017) (dismissing plaintiff's prisoner civil rights action for failure to state a claim on which relief may be granted).  The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his name and Florida Department of Corrections' DC# G05492.  Plaintiff acknowledged three of the foregoing cases in his original complaint.  (Doc. 1, p. 1).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  Plaintiff's pleadings are devoid of any such allegations.  Plaintiff alleges that he was deprived of due process in his disciplinary proceeding and held in confinement beyond the time permitted.  These allegations

do not qualify for § 1915(g)'s imminent danger exception. Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

Plaintiff's motion for extension of time (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 3) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of November, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.